UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIUDMYLA IEGOROVA,<br><br>Plaintiff,<br><br>v.<br><br>LIGHT HOUSE APARTMENTS,<br><br>Defendant. | No. 2:18-cv-00971-JAM-GGH<br><br><br><br>ORDER |

Plaintiff filed her complaint pro se on April 19, 2018, ECF No. 1, along with an application to proceed in forma pauperis ECF No. 2. The court has reviewed the verified application and finds that plaintiff lacks the financial wherewithal to pay the fees and costs associated with the case and will, therefore, grant the motion.

The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir.1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully

1

pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir.1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007). "The pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed.2004). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

*DISCUSSION*

An essential element of a claim brought in federal court is the jurisdiction of the court. Federal courts are courts of limited jurisdiction and admission to these courts must be based on either a federal question of law, see e.g., 28 U.S.C. § 1331, which applies to civil actions arising under the Constitution, laws or treaties of the United States, or a diversity of citizenship between the parties in the action, see 28 U.S.C. § 1332, which applies when plaintiff is a citizen of one state and defendant is a citizen of another and the amount in controversy between them exceeds the sum or value of $75,000.

Plaintiff seeks damages from defendant, apparently the manager of the apartment house where plaintiff resides, for entering her apartment without permission, stealing her personal property, and threatening her. Plaintiff purports to sue for damages to redress these grievances under 18 U.S.C. section 241, a criminal law statute that imposes imprisonment and fines for conspiracy "to injure oppress threaten, or intimidate any person . . . in the free exercise or enjoyment of any right or privilege secured to him by the Constitution of the United States." Except in unusual circumstances, criminal statutes give no private right of action. Kraft v. Old Castle Precasr, Inc., 2015 WL 4693220 (C.D. Cal. 2015) (and cases cited therein). The weight of

authority makes clear that private citizens have no right of action for a damages action under this criminal law statute. See <u>Aldabe v. Aldabe</u>, 616 F.2d 1089, 1092 (9th Cir. 1980); <u>Christian v. United States</u>, 2014 WL 3809046 (D.Nev. 2014).

Although pro se pleadings are held to a less stringent standard than those drafted by lawyers, <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972) and are therefore construed liberally "and may only be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>Tegorov v. Daniil</u>, 2018 WL 1470588 *1 (E.D.Cal. 2018). A pro se litigant is, therefore, entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment." <u>Id.</u>, *citing* <u>Noll v. Carlson</u>, 809 F.2 1446, 1448 (9th Cir. 1987).

On the facts stated by plaintiff it would appear that she may well have a state law claim against defendant for trespass or invasion of privacy or the like that would bear damages liability or that she can, through local authorities, seek to have defendant criminally prosecuted for the same types of offenses. But as it stands, plaintiff has no federal claim that would gain her access to this federal court.

On the other hand plaintiff makes mention of a "service animal" that defendant apparently protested regarding it occupying plaintiff's apartment in defendant's "no pets" apartment house. It is, therefore possible that plaintiff was attempting to plead a claim under Title III of the Americans with Disabilities Act, 42 USC § 12182. A plaintiff who claims she is discriminated against in her access to housing suitable to accommodate her disabilities must identify her disability, how a defendant has failed to accommodate that disability, whether discrimination in housing is subject to Title III, and seek redress.[1] If this is, indeed, the crux of plaintiff's complaint, then she must plead it consonant with the Rules of Federal Civil Procedure.

> Federal Rule 8(a) requires that a complaint contain
> (1)  a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief."

---

[1] If plaintiff's housing is supplied by a government agency, Title II of the ADA would apply.

If, indeed, this is the crux of plaintiff's complaint and she chooses to plead it as required, she will be allowed to file an amended complaint.

## *CONCLUSION*

In light of the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's application for in forma pauperis status is GRANTED;
2. Plaintiff's complaint is dismissed with leave to file an amended complaint that meets the standards discussed in this Order within 45 days.

Dated: May 26, 2018

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE